# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY DARNELL YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL NO.   13-CV-591-WDS |
| | ) CRIMINAL NO. 10-CR-30202-WDS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 5). Petitioner moves the Court to correct his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 and *Dorsey v. United* States, 132 S.Ct. 2321, 2335 (2012).   The government agrees that a reduced sentence is appropriate in this case.

## BACKGROUND

On May 13, 2011, petitioner pleaded guilty, pursuant to a plea agreement, to knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in the form commonly known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Case No. 3:10:CR-30202-WDS-1, Doc. 29).   On September 2, 2011, petitioner was sentenced to 240 months of imprisonment, to run concurrently with the term of imprisonment imposed for the supervised release violation in Case No. 3:99-CR-30190-001-WDS; a five (5) year term of supervised release; and a $100 special assessment (imposition of a fine was waived). (Case No. 3:10:CR-30202-WDS-1, Docs. 37, 39) Petitioner did not file a direct appeal.

Petitioner, who is represented by counsel, requests that the Court grant his motion to vacate his sentence and resentence him under the FSA.    In *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012), decided June 21, 2012, the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."   Petitioner asserts that as a result of the *Dorsey* decision, and in light of the fact that petitioner was sentenced after the enactment of the FSA, he should have faced a statutory penalty range of 5 to 40 years of imprisonment instead of a range of 10 years to life.   Further, petitioner asserts, his career offender Guidelines range, post-*Dorsey*, which is based on the statutory penalty range, is 188 to 235 months of imprisonment, instead of 262 to 327 months of imprisonment. U.S.S.G. § 4B1.1(b).   In light of the fact that petitioner received a downward variance at sentencing, petitioner further asserts that a downward variance should now result in a sentence lower than 188 months of imprisonment, and, therefore, lower than the 240 month sentence petitioner received. In other words, the pre-*Dorsey* statutory range led to an erroneous Guidelines range, which resulted in an erroneous starting point for the agreed upon downward variance, which resulted in a violation of his due process rights.

Petitioner requests that his sentence be vacated, and that the Court resentence him to 172 months of imprisonment.   Petitioner asserts that this downward variance would approximate the downward variance he previously received from his original Guidelines range.   Additionally, petitioner asserts that Senior United States Probation Officer Melissa L. Haberer has concluded that petitioner is eligible for a sentence reduction under *Dorsey*, to a statutory range of 5 to 40 years, and a resulting advisory Sentencing Guidelines range of 188 to 235 months.

The government, in its brief response, agrees with petitioner's counsel's assertions, and agrees that petitioner is entitled to the sentence reduction requested.   Further, the government agrees that a reduced sentence of 172 months would be appropriate.

## ANALYSIS

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that . . . the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotation omitted). Accordingly, relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

It is undisputed that the FSA applies to petitioner, who was sentenced after its enactment. Further, it is undisputed that petitioner is subject to a lower mandatory minimum, based on the fact that defendant's offense involved more that 50 and less than 150 grams of crack cocaine.

Accordingly, the Court **GRANTS** petitioner's motion pursuant to 28 U.S.C.§ 2255 (Doc. 1). The sentence previously imposed is hereby **VACATED**, and this matter will be set for resentencing. This case is terminated.

**IT IS SO ORDERED.**

**DATE: August 30, 2013**

                                                **/s/   WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**